Camille M. Arnold, BAR ID No. 2505907
carnold@cftc.gov
Joseph Konizeski, Bar ID No. A5501602
jkonizeski@cftc.gov
Scott R. Williamson, BAR ID No. 06191293
swilliamson@cftc.gov
Rosemary Hollinger, BAR ID No. 03123647
rhollinger@cftc.gov
United States Commodity Futures Trading Commission
525 West Monroe Street, Suite 1100
Chicago, Illinois 60661
Telephone: (312) 596-0524 (Arnold)
Telephone: (312) 596-0546 (Konizeski)
Telephone: (312) 596-0560 (Williamson)
Telephone: (312) 596-0520 (Hollinger)
Facsimile: (312) 596-0714

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, <br><br> Plaintiff, <br> v. <br><br> JEFFREY LISKOV and EAGLEEYE ASSET MANAGEMENT, LLC, <br><br> Defendants. | Civil Action No.: 11 CV 11577 <br><br> **ORDER OF PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF UNDER THE COMMODITY EXCHANGE ACT AGAINST JEFFREY LISKOV AND EAGLEEYE ASSET MANAGEMENT** |

### I.   INTRODUCTION

Plaintiff Commodity Futures Trading Commission ("Commission" or "CFTC") has filed

a Complaint in this action against Defendants Jeffrey Liskov ("Liskov") and EagleEye Asset

Management ("EEAM") (collectively, "Defendants"). The Commission's complaint seeks

injunctive and other equitable relief for violations of the Commodity Exchange Act (the "Act"),

as amended by the Food, Conservation and Energy Act of 2008, Pub. L. No. 110-246, Title XIII

(the CFTC Reauthorization Act of 2008 ("CRA")), §§ 13101-13204, 122 Stat. 1651 (enacted

June 18, 2008), the Act, and the Dodd-Frank Act, to be codified at 7 U.S.C. §§ 1 *et seq.* (2012), and the Commission Regulations ("Regulations") promulgated thereunder, 17 C.F.R. §§ 1.1 *et seq.* (2012).

## II. JURISDICTION

1.      Defendants have been served with Plaintiff Commission's summons and Complaint;

2.      This Court has jurisdiction over the Defendants and subject matter jurisdiction over this action pursuant to Section 6c of the Act, as amended, 7 U.S.C. § 13a-1;

3.      Plaintiff Commission has jurisdiction over the conduct and transactions at issue in this action pursuant to Section 6c of the Act, as amended, to be codified at 7 U.S.C. § 13a-1, and Section 2(c)(2)(C) of the Act, 7 U.S.C. § 2(c)(2)(C);

4.      Venue properly lies with this Court pursuant to Section 6c(e) of the Act, as amended, to be codified at 7 U.S.C. § 13a-1(e);

## III. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court, being fully advised in the premises, finds that there is good cause for the entry of this Order and that there is no just reason for delay.  The Court therefore directs the entry of the following Findings of Fact, Conclusions of Law, permanent injunction and equitable relief pursuant to Section 6c of the Act, as amended, to be codified at 7 U.S.C. § 13a-1, and Section 2(c)(2) of the Act, 7 U.S.C. § 2(c)(2) (2012), as set forth herein.

**THE COURT HEREBY FINDS:**

**A.      Parties**

5.      **Plaintiff U.S. Commodity Futures Trading Commission** is an independent federal regulatory agency that is charged by Congress with the administration and enforcement

of the Act, as amended, to be codified at 7 U.S.C. §§ 1 *et seq.*, and the Regulations promulgated thereunder, 17 C.F.R. §§ 1.1 *et seq.* (2011).

6. **Defendant Jeffrey Liskov** currently resides in Plymouth, Massachusetts. He formed EEAM in January 2008, and is EEAM's Managing Member and sole owner. Liskov has been registered with the Commission as the sole associated person ("AP") of EEAM, a registered commodity trading advisor ("CTA"), since June 2010. Liskov was also registered with the Securities and Exchange Commission ("SEC") as an investment adviser representative from January 1999 until December 2010.

7. **Defendant EagleEye Asset Management, LLC** is a Massachusetts limited liability company that Liskov formed in January 2008. Its principal place of business is Plymouth, Massachusetts. EEAM has been registered with the Commission as a CTA since May 2010.

**B.    Facts**

8. In *SEC v. Liskov*, Docket No. 11-cv-11576 (D. Mass., filed Sept. 8, 2011), a case involving the same underlying conduct as set forth in the Commission's Complaint with regards to customer Patricia Stott ("customer"), a jury found that:

a)    Liskov made fraudulent representations of material fact with intent to deceive the customer in connection with trading forex on the customer's behalf.

b)    Liskov fraudulently failed to disclose his forex trading record to the customer.

c)    Liskov intentionally engaged in a scheme to defraud the customer in connection with trading forex on the customer's behalf.

9. Liskov used the funds he obtained from selling the customer's securities to trade forex.

10.     Liskov opened five forex accounts for the customer.  In order to open and trade at least three of these accounts, Liskov signed the customer's name on the forex account documents without the customer's explicit authorization.

## C.     Conclusions of Law

### 1.     Jurisdiction and Venue

11.     This Court has jurisdiction over this action pursuant to Section 6c of the Act, as amended, to be codified at 7 U.S.C. § 13a-1, which provides that whenever it shall appear to the CFTC that any person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation, or order promulgated thereunder, the CFTC may bring an action in the proper district court of the United States against such person to enjoin such act or practice, or to enforce compliance with the Act, or any rule, regulation or order thereunder.

12.     The CFTC has jurisdiction over the forex transactions at issue in this action pursuant to Section 6c of the Act, as amended, to be codified at 7 U.S.C. § 13a-1, and Section 2(c)(2)(C) of the Act, 7 U.S.C. § 2(c)(2)(C).

13.     Venue properly lies with this Court pursuant to Section 6c(e) of the Act, as amended, to be codified at 7 U.S.C. § 13a-1(e), because the Defendants reside in this jurisdiction and the acts and practices in violation of the Act occurred within this District.

### 2.     Violations of the Act

14.     Liskov and EEAM violated Sections 4b(a)(2) (A), (B) and (C), 7 U.S.C. § 6b(a)(2)(A), (B) and (C), which prohibit any person, in or in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery, or other agreement, contract, or transaction subject to paragraphs (1) and (2) of Section 5a(g), that is

made, or to be made, for or on behalf of, or with, any other person, other than on or subject to the rules of a designated contract market, from – cheating or defrauding, or attempting to cheat or defraud, other persons; willfully making or causing to be made to such other person any false report or statement thereof; and willfully deceiving or attempting to willfully deceive any other persons by any means whatsoever in regard to any order or contract or the disposition or execution of any order or contract, or in regard to any act of agency performed, with respect to any order or contract for or with such persons.

### 3.    Derivative Liability

15.    During the relevant time, Defendant Liskov directly or indirectly controlled EEAM and did not act in good faith or knowingly induced, directly or indirectly, the acts constituting EEAM's violations.  Defendant Liskov is therefore liable for EEAM's violations of the Act set forth in this Order to the same extent as EEAM, pursuant to Section 13(b) of the Act, 7 U.S.C. § 13c(b).

16.    The acts, omissions, and failures of Defendant Liskov have occurred within the scope of his employment with Defendant EEAM.  Therefore, Defendant EEAM is liable for Liskov's acts, omissions, and failures in violation of the Act as set forth in this Order, pursuant to Section 2(a)(1)(B) of the Act, 7 U.S.C. § 2(a)(1)(B), and Regulation 1.2, 17 C.F.R. § 1.2 (2012).

17.    Unless restrained and enjoined by this Court, there is a reasonable likelihood that the Defendants will continue to engage in the acts and practices alleged in the Complaint and in similar acts and practices in violation of the Act

## IV.  PERMANENT INJUNCTION

**IT IS HEREBY ORDERED THAT:**

18.      Based upon and in connection with the foregoing conduct, pursuant to Section 6c of the Act, as amended, 7 U.S.C. § 13a-1, Defendants Liskov and EEAM are permanently restrained, enjoined and prohibited from directly or indirectly:

   a.      Cheating or defrauding, or attempting to cheat or defraud, other persons in or in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery that is made, or to be made, for or on behalf of, or with, any other person in violation of Section 4b(a)(2)(A) of the Act, 7 U.S.C. § 6b(a)(2)(A) (2012).

   b.      Willfully making or causing to be made to such other person any false report or statement thereof, or willfully entering or causing to be entered for such other person any false record thereof, in violation of Section 4b(a)(2)(B) of the Act, 7 U.S.C. § 6b(a)(2)(B) (2012).

   c.      Willfully deceiving or attempting to willfully deceive any other persons by any means whatsoever in regard to any order or contract or the disposition or execution of any order or contract, or in regard to any act of agency performed, with respect to any order or contract for or with such persons in violation of Section 4b(a)(2)(C) of the Act, 7 U.S.C. § 6b(a)(2)(C) (2012).

19.      Defendants are also permanently restrained, enjoined and prohibited from directly or indirectly:

   a.      Trading on or subject to the rules of any registered entity (as that term is defined in Section 1a of the Act, as amended, to be codified at 7 U.S.C. § 1a;

6

b.      Entering into any transactions involving commodity futures, options on commodity

futures, commodity options (as that term is defined in Regulation 1.3(hh), 17 C.F.R.

§ 1.3(hh) (2012)) ("commodity options"), security futures products, foreign

currency (as described in Sections 2(c)(2)(B) and 2(c)(2)(C)(i) of the Act, as

amended, to be codified at 7 U.S.C. §§ 2(c)(2)(B) and 2(c)(2)(C)(i)) ("forex

contracts"), and/or swaps (as that term is defined in Section 1a(47) of the Act (Supp.

IV 2011), and as further defined by Regulation 1.3(xxx), 17 C.F.R. § 1.3(xxx)

(2012) ("swaps") for their own personal accounts or for any account in which they

have a direct or indirect interest;

c.      Having any commodity futures, options on commodity futures, commodity

options, security futures products, forex contracts, and/or swaps traded on their

behalf;

d.      Controlling or directing the trading for or on behalf of any other person or entity,

whether by power of attorney or otherwise, in any account involving commodity

futures, options on commodity futures, commodity options, security futures

products, forex contracts and/or swaps;

e.      Soliciting, receiving or accepting any funds from any person for the purpose of

purchasing or selling any commodity futures, options on commodity futures,

commodity options, security futures products, forex contracts and/or swaps;

f.      Applying for registration or claiming exemption from registration with the

Commission in any capacity, and engaging in any activity requiring such

registration or exemption from registration with the Commission, except as

provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2012); and/or

g.     Acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R.

§ 3.1(a) (2012)), agent or any other officer or employee of any person (as that

term is defined in Section 1a of the Act, as amended, to be codified at 7 U.S.C.

§ 1a) registered, exempted from registration or required to be registered with the

Commission except as provided for in Regulation 4.14(a)(9), 17 C.F.R.

§ 4.14(a)(9) (2012).

## V.  CIVIL MONETARY PENALTY

20.     Defendant Liskov shall pay a civil monetary penalty of three-hundred thousand

dollars ($300,000) plus post-judgment interest, within ten (10) days of the date of the entry of

this Order (the "CMP Obligation").  If the CMP Obligation is not paid within ten (10) days of the

date of entry of this Order, then post judgment interest shall accrue on the CMP Obligation

beginning on the date of entry of this Order and shall be determined by using the Treasury Bill

rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961.

21.     Defendant EEAM shall pay a civil monetary penalty of three-hundred thousand

dollars ($300,000) plus post-judgment interest, within ten (10) days of the date of the entry of

this Order (the "CMP Obligation").  If the CMP Obligation is not paid within ten (10) days of the

date of entry of this Order, then post judgment interest shall accrue on the CMP Obligation

beginning on the date of entry of this Order and shall be determined by using the Treasury Bill

rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961.

22.     Defendants shall pay their CMP Obligations by electronic funds transfer, U.S.

postal money order, certified check, bank cashier's check, or bank money order.  If payment is to

be made by other than by electronic funds transfer, then the payment shall be made payable to

the Commodity Futures Trading Commission and sent to the address below:

Commodity Futures Trading Commission
Division of Enforcement
ATTN: Accounts Receivables – AMZ 340
E-mail Box: 9-AMC-AMZ-AR-CFTC
        DOT/FAA/MMAC
6500 S. MacArthur Blvd.
Oklahoma City, OK 73169
Telephone: (405) 954-5644

If payment by electronic funds transfer is chosen, Defendants shall contact Linda Zurhorst or her successor at the address above to receive payment instructions and shall fully comply with those instructions. Defendants shall accompany payment of the CMP Obligations with a cover letter that identifies Defendants Liskov and EEAM and the name and docket number of this proceeding. Defendants shall simultaneously transmit copies of the cover letter and the form of payment to the: Chief, Office of Cooperative Enforcement, Division of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, DC 20581.

**Partial Satisfaction**

23.    Any acceptance by the Commission of partial payment of Defendants' CMP Obligation shall not be deemed a waiver of their obligation to make further payments pursuant to this Order, or a waiver of the Commission's right to seek to compel payment of any remaining balance.

24.    Liskov and EEAM shall cooperate fully and expeditiously with the Commission, including the Commission's Division of Enforcement, and any other governmental agency in this action, and in any investigation, civil litigation, or administrative matter related to the subject matter of this action or any current or future Commission investigation related thereto.

## VI. MISCELLANEOUS PROVISIONS

25. Notices: All notices required to be given by any provision in this Order shall be sent certified mail, return receipt requested, as follows:

Notice to Commission:

Associate Director
Division of Enforcement, Central Region
Commodity Futures Trading Commission
525 West Monroe Street, Suite 1100
Chicago, Illinois 60661

Notice to Defendants Liskov and EEAM:

Jeffrey Liskov
33 E Bay Lane
Plymouth, MA 02360-6401

All such notices to the Commission shall reference the name and docket number of this action.

26. Change of Address/Phone: Until such time as Defendants satisfy their CMP Obligation as set forth in this Order, Defendants shall provide written notice to the Commission by certified mail of any change to either of their telephone numbers and mailing address within ten (10) calendar days of the change.

27. Agree to provide immediate notice to this Court and the Commission by certified mail, in the manner required by paragraph 25 of this Section of the Order, of any bankruptcy proceeding filed by, on behalf of, or against either of them, whether inside or outside the United States, and

28. Entire Agreement and Amendments: This Order incorporates all of the terms and conditions of the settlement among the parties hereto. Nothing shall serve to amend or modify this Order in any respect whatsoever, unless: (1) reduced to writing; (2) signed by all parties hereto; and (3) approved by order of this Court.

29.     Invalidation:  If any provision or the application of any provision of this Order is held invalid, then the remainder of this Order and the application of the provision to any other person or circumstance shall not be affected by the holding.

30.     Waiver:  The failure of any party to this Order or of any customer at any time to require performance of any provision of this Order shall in no manner affect the right of the party or customer at a later time to enforce the same or any other provision of this Order.  No waiver in one or more instances of the breach of any provision contained in this Order shall be deemed to be or construed as a further or continuing waiver of such breach or waiver of the breach of any other provision of this Order.

31.     Continuing Jurisdiction of this Court:  This Court shall retain jurisdiction of this action to ensure compliance with this Order and for all other purposes related to this action, including any motion by Defendants Liskov or EEAM to modify or for relief from the terms of this Order.

32.     Injunctive and Equitable Relief Provisions: The injunctive and equitable relief provisions of this Order shall be binding upon Defendants, upon any person under their authority or control, and upon any person who receives actual notice of this Order, by personal service, e-mail, facsimile or otherwise insofar as he or she is acting in active concert or participation with Defendants.

33.     The terms of this Order are enforceable through contempt proceedings, and that, in any such proceedings they may not challenge the validity of this Order.

34.     There being no just reason for delay, the Clerk of the Court is hereby directed to enter this Order of Permanent Injunction and Other Equitable Relief against Defendants Liskov and EagleEye Asset Management.

**IT IS SO ORDERED** on this _19th_ day of ___Feb.___, 2013.

_____
Honorable Joseph L. Tauro
**UNITED STATES DISTRICT JUDGE**